**WREC, Inc., v. FEDERAL RADIO COM-
MISSION (WATERLOO BROAD-
CASTING CO., Inc., Intervener).**

No. 5846.

Court of Appeals of the District of Columbia.

Argued Oct. 2, 1933.

Decided Nov. 6, 1933.

Rehearing Denied Nov. 20, 1933.

George E. Strong, of Washington, D. C.,
for appellant.

George B. Porter, John Wesley Weekes,
and Fanney Neyman, all of Washington, D.
C., for the Federal Radio Commission.

Paul D. P. Spearman, of Washington, D.
C., for intervener.

Before MARTIN, Chief Justice, and
ROBB, VAN ORSDEL, HITZ, and GRON-
ER, Associate Justices.

MARTIN, Chief Justice.

The appellant, WREC, Inc., owns and op-
erates a broadcasting station with call letters
WREC, located at Memphis, Tenn. The sta-
tion was assigned by the Federal Radio Com-
mission to a frequency of 600 kilocycles, with
power of 1,000 watts daytime and 500 watts
nighttime operation.

The intervener, the Waterloo Broadcast-
ing Company, Inc., owns and operates a
broadcasting station with call letters WMT
located at Waterloo, Iowa. This station was
licensed to operate upon the frequency of 600
kilocycles with 250 watts power unlimited
time. On November 15, 1929, the commission
authorized the station to use 250 additional
watts power for nighttime operation on an
experimental basis.

In its present application station WMT
applies for a renewal of its license to operate
upon the assignment of 600 kilocycles, unlim-
ited time, as before, with 250 watts regular
power and additional 250 watts power experi-
mentally. The appellant, station WREC,
protested against the allowance of 250 watts
additional power experimentally, as requested
by station WMT, claiming that the use by
that station of 250 watts regular power, in-
creased by 250 watts experimentally, would
result in serious interference with the broad-
casting service of station WREC.

The application of station WMT together
with the protest of station WREC was regu-
larly heard by an examiner appointed by the
commission, and the applicant and protestant
together with certain other stations not in-
volved in this appeal appeared by counsel and
introduced evidence at the hearing. The ex-
aminer submitted a report in due time with a
recommendation that the application of WMT
to operate with regular power of 250 watts
be granted, but that its request for the use of
additional 250 watts experimentally be denied.

Exceptions to the recommendation of the
examiner were filed by station WMT, and
these were heard and considered by the com-
mission. Whereupon the recommendation of
the examiner that station WMT be denied the
allowance of 250 watts additional power was

overruled, and the station was granted the use in full of 500 watts, regular power, unlimited time.

The present appeal was taken by WREC, Inc., from that decision, and the decisive question involved herein is whether station WMT shall be granted the use of 500 watts nighttime power or be limited to 250 watts. There is no controversy as to daytime operation. The claim is made by station WREC that obnoxious interference with its operation would result from granting to station WMT the power of 500 watts for regular nighttime operation. The record contains the testimony of competent expert witnesses upon this subject.

This appeal is taken under the provisions of the act of Congress, approved July 1, 1930, amending section 16 of the Radio Act of 1927 (47 USCA § 96) wherein it is provided among other things "that the review by the court shall be limited to questions of law and that findings of fact by the Commission, if supported by substantial evidence, shall be conclusive unless it shall clearly appear that the findings of the Commission are arbitrary or capricious."

■ It is disclosed by the evidence that the two stations herein involved are both properly equipped and supported by sufficient capital, and that both have been operated according to the rules and regulations of the commission and with excellent service for the public. Both are regional stations and furnish broadcasting service to the cities in which they are located and to the surrounding country. It is plain that the deletion of either station would inflict a public loss upon the territory reached by it. The difficulty arising in the case results from the fact that the stations are situated only about 530 miles apart, in a territory favorable to the propagation of broadcasting signals, whereas a normal separation for stations of this power operating upon the same frequency should be in the neighborhood of 770 miles. It follows that the two stations in question, operating upon the same frequency with the use of 500 watts power, must suffer from objectionable interference. The question therefore arises what may best be done for both stations under these circumstances. It is plain that if one station is limited to 250 watts power and the other is granted 500 watts power for nighttime operation the station having the greater power will not suffer from interference caused by the station having lesser power, but the latter will suffer interference from the former. If both stations are given equal power of 500 watts, each will suffer a certain measure of interference from the other. The best results

under these circumstances could be attained only by the reduction of the power of each station to say 250 watts power, which condition would eliminate interference in the case of both of them. Such an order, however, cannot be entered by the commission in the present proceeding.

■ Upon a consideration of this matter the commission reached a conclusion which is reported in the following terms: "While the operation of WMT with 500 watts night power has resulted in some interference, mutually created, between its service and that of station WREC, particularly in the outer portions of each station's normal good service area, it appears from the evidence in this case that a maximum of service by each station can only be rendered by their operation with corresponding nighttime powers, maintaining an equalization of interference. Any reduction in the power of but one station, and in this case necessarily WMT, would only serve to concentrate the interference in the service of that station, extending the good service area of one at the expense of the other. Moreover, it is not shown in this connection that there is any more need for the service of WREC in the additional area that would be served by that station through a reduction in the nighttime power of WMT, than there is for the service of WMT in the area that would be deprived of the service of the applicant station. Although it is possible that a more ideal situation with respect to interference might be obtained by an equal reduction in the nighttime powers of both WMT and WREC, the only application before the Commission is for renewal of license for WMT and a reduction in the power of WREC could not be accomplished in this proceeding."

Upon a review of the record we are of the opinion that these findings of fact made by the commission are supported by substantial evidence and that its decision thereon is not arbitrary or capricious.

■ The record contains a suggestion that the granting of 500 watts power to WMT would be in violation of the broadcasting agreements existing between the United States and Canada. This point, however, is unimportant because of the fact that such a condition if it existed would not affect the rights or interests of WREC, and besides it appears that the arrangements between the United States and Canada have since been modified so that the charge would not now be correct in fact.

■ It is contended by appellant that it was error for the commission to grant 500 watts

regular power to WMT in view of the fact that the station had applied only for 250 watts regular and 250 watts experimental power. But we find no error in this, inasmuch as the grounds of the decision are of permanent and not occasional character.

A question also is raised by appellant concerning the application of the Davis amendment to this situation. We think, however, that it is not applicable, for the reason that each station is in an overquota state in an overquota zone, and that consideration is not important in the decision of the case.

We are therefore of the opinion that the decision of the commission should be, and it is, affirmed.